UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                          CASE NO. 8:18-cv-1123-T-23CPT

CITY OF TAMPA,

    Defendant.
_____/

**ORDER**

Appearing *pro se* and proceeding *in forma pauperis*, Leon Bright sues (Doc. 1) fourteen defendants because of their alleged participation in events concluding with a November 2017 arrest at a Hillsborough County public library. A September 12, 2018 order (Doc. 8) allowed Bright through October 1, 2018, to serve the defendants. The clerk mailed to Bright the September 12, 2018 order but addressed the mail to Bright in jail, from which Bright was released in July 2018 (Doc. 7). The postal service returned the mail, which was marked "undeliverable."

On October 4, 2018, Bright submitted a "motion for objection and notice to move," (Doc. 9) in which Bright objects to the error in his service address and to the delays in the clerk's issuing summonses and in the United States Marshal's effecting service. That same day, the clerk issued a summons for each of the fourteen defendants (Docs. 10–23). The Marshal served each defendant (Docs. 31–39, 41, 42) except Tampa police officer Amanda K. Baranowski (Doc. 43) and former Tampa

police chief Eric Ward (Doc. 29).[1] The library and Hillsborough County move (Doc. 26) to dismiss Bright's complaint for failure to timely effect service in accord with Rule 4(m), Federal Rules of Civil Procedure. Kalleen Marquise,[2] a library employee, moves (Doc. 61) to vacate a clerk's default (Doc. 58)[3] and to dismiss Bright's complaint for failure to timely effect service.[4]

If a plaintiff demonstrates good cause, Rule 4(m) requires an extension of the time to serve a defendant. But even absent a plaintiff's showing good cause, a discretionary extension remains available in an exigent circumstance. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Because of

---

[1] In the return of service for Tampa police detective Kelvin S. John (Doc. 42), the Marshal's remarks state that another defendant "scanned and emailed this process to all co-defendants. [John] . . . most likely was served." By moving to dismiss (Doc. 48) without objecting to service of process, John waives an objection to service of process. *Pardazi v. Cullman Med. Cntr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

[2] The complaint (Doc. 1) names Kalleen Marguise as a defendant. Kalleen Marquise appears (Docs. 59, 61). Also, the motion (Doc. 61) characterizes as error the complaint's calling the defendant "Marguise." This order calls the defendant Kalleen Marquise.

[3] According to Marquise's motion, which is unaccompanied by an affidavit, Marquise promptly informed an assistant county attorney for Hillsborough County that Bright sued Marquise. The assistant county attorney instructed Marquise to "stand by." A failure to communicate between assistant county attorneys, and not neglect by Marquise, caused Marquise's delayed appearance, and the assistant county attorney expediently appeared on Marquise's behalf after realizing the error. Good cause exists to vacate the default against Marquise.

[4] With limited exceptions, Local Rule 3.01(g) requires counsel for a moving party to confer with the opposing party before filing a motion in a civil action. Further, a motion to which the conference requirement applies must include a certification that a conference occurred and the parties attempted to resolve the issue. Marquise fails to include a certification in the motion (Doc. 61). Although a motion to dismiss is excepted from Local Rule 3.01(g), a motion to vacate a clerk's default is not. The assistant county attorney is advised to file separate motions for distinct requests for relief in the future and warned that a future motion that fails to comply with Local Rule 3.01(g) will be summarily denied.

the undelivered September 12, 2018 order, Bright was unaware of the October 1, 2018 service deadline. In other words, the delay in serving the library, Hillsborough County, and Marquise is attributable only in part to Bright's neglect. Bright obtained the summonses, and the Marshal served the library, Hillsborough County, and Marquise. Accordingly, good cause exists to accept as timely Bright's service of the library, Hillsborough County, and Marquise.

In the complaint, Bright alleges that Carolay Vargas, an assistant state attorney; Paul T. Jeske, a state court judge; Harold McCray, the arresting police officer from the Tampa Police Department; and Marquise conspired to deprive Bright of due process by destroying video evidence of the arrest. Vargas moves (Doc. 46) to dismiss Bright's claim.[5] Vargas enjoys absolute prosecutorial immunity for an act in furtherance of her duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Likewise, Jeske enjoys absolute judicial immunity for an act in furtherance of his duty as a judge. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because Bright fails to allege conspiratorial conduct occurring outside of Vargas's and Jeske's respective official duties, Bright's claims against Vargas and Jeske are barred and subject to dismissal with prejudice.

---

[5] Also, Vargas moves (Doc. 45) to accept the motion to dismiss (Doc. 46) as timely. Because the Marshal served Vargas (Doc. 34) on October 29, 2018, a response was due on November 19, 2018. Vargas moved to dismiss on November 15, 2018. The motion to accept the motion to dismiss as timely (Doc. 45) is unnecessary.

Bright's complaint includes seven counts,[6] although two of the counts each include two "parts" and Count Six asserts six claims of negligence. Several counts fail to specify which defendant Bright sues for which claim and instead assert a claim against "TPD Ofc. Harold L. McCray et al." Because Baranowski, John Gordon, Kelvin John, and John Tindall appear nowhere in Bright's allegations, Bright's claims against Baranowski, Gordon, John, and Tindall are subject to dismissal without prejudice for failure to state a claim.

Rule 8, Federal Rules of Civil Procedure, requires a "short and plain statement of the claim" and a demand for the relief sought. A complaint that complies with the rule will fairly notify the defendant of which claims the plaintiff asserts against the defendant and the legal and factual basis for each claim. On the other hand, a complaint, such as Bright's, that asserts claims against several defendants without specifying which claim the plaintiff asserts against which defendant is a "shotgun pleading" and violates Rule 8. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of law violated the plaintiff's constitutional right. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Bright appears to allege four constitutional violations. Bright captions "Count One" as "Assault and Battery by

---

[6] Bright labels the final count as "Count Eight," but no Count Five appears.

[Tampa Police Department] Officers et al., -4th and 14th Amend. Violation." (Doc. 1 at 6) The Fourth Amendment freedom from unreasonable searches and seizures includes a freedom from excessive force during an arrest. *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002). And Bright's allegation that McCray employed "extreme violent" force against Bright (Doc. 1 at 7) suggests an excessive force claim. Also, Bright mentions "excessive force" in Count Three.

Bright's second count asserts a "false imprisonment" claim. False imprisonment is a tort under state law, and a state-law tort is not a constitutional violation. *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2007). However, Count Two mentions a "false arrest," and the Fourth Amendment guarantees freedom from an arrest without probable cause. Accordingly, Count Two might attempt to allege a Section 1983 claim for a violation of the Fourth Amendment right to freedom from arrest without probable cause.

But if a plaintiff sues under Section 1983 and is at the same time a defendant in a state-court criminal action that began before the plaintiff sued in federal court, the federal district court must abstain if the federal action "implicate[s] important state interests" and if the criminal trial presents an adequate opportunity for the plaintiff to raise a constitutional challenge to the same conduct. *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216–17 (11th Cir. 2002) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) and *Younger v. Harris*, 401 U.S. 37, 44 (1971)).

The State Attorney charged Bright with trespassing, disorderly conduct, and resisting an officer without violence in November 2017 (Doc. 47 at 3; Doc. 48 at 3), five months before Bright sued (Doc. 1) in federal court. The pending state criminal action affords Bright an opportunity to challenge the constitutionality of his arrest. Further, because an arrestee is privileged to resist arrest with reasonable but non-deadly force if an arresting officer applies excessive force,[7] Bright can raise the issue of McCray's excessive force as a defense in the state prosecution. Accordingly, abstention is warranted for Bright's false arrest and excessive force claims.

In Count Three, Bright appears to assert that the Tampa police retaliated against him for exercising a "First Amendment right to complain . . . ." (Doc. 1 at 8) To state a First Amendment retaliation claim, the complaint must allege that Bright engaged in constitutionally protected speech, that Bright "suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech," and that a causal connection exists between the protected speech and the retaliation. *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011). The complaint's allegations are conclusory and unspecific. The complaint fails to allege that McCray arrested Bright because of, and in retaliation for, a complaint levied by Bright. Bright fails to state a claim for First Amendment retaliation.

---

[7] *State v. Holley*, 486 So.2d 94, 96 (Fla. 1985) (concluding that an arrestee "may resist the use of excessive force [applied] in making the arrest"); *McPhee v. State*, 616 So.2d 483, 489 (Fla. 4th DCA 1993) (concluding that an arrestee "is justified in the use of reasonable force to defend himself" if an officer applies excessive force).

Lastly, a law enforcement officer can violate the Fourteenth Amendment by exhibiting during an arrest deliberate indifference to a substantial risk of serious harm. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Deliberate indifference exists if the officer "knows of and disregards an excessive risk to inmate health or safety . . . ." *Cottrell*, 85 F.3d at 1491. Because Bright fails to allege that an excessive risk to Bright's health or safety existed and that McCray knew of and disregarded that risk, Bright fails to state a claim for a Fourteenth Amendment violation.

Bright apparently asserts some form of municipal or supervisory liability against the City of Tampa; Bob Buckhorn, the City's mayor; and Eric Ward, the City's former police chief. "Supervisory liability occurs either when the supervisor participates in the alleged constitutional violation or when there is a causal connection between actions of the supervision official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Municipal liability requires a "policy or custom" that "constituted deliberate indifference" to constitutional rights and which caused the violation of the plaintiff's constitutional rights. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Both supervisory liability and municipal liability require a constitutional violation. Even assuming a constitutional violation occurred, Bright fails to state a claim against the City, Buckhorn, or Ward because Bright offers only conclusory allegations that the City,

Buckhorn, and Ward "condone" and "ratify" constitutional violations by Tampa police officers.

Bright's remaining claims — false imprisonment, negligence, and intentional infliction of emotional distress — are state-law torts. A tortious act under state law is not a violation of a plaintiff's constitutional right and cannot create federal subject-matter jurisdiction unless the tortious act "shocks the conscience" or interferes with the rights "implicit in the concept of ordered liberty." *Dacosta*, 304 F.3d at 1048. Further, a district court can decline to exercise supplemental jurisdiction if the claim creating original jurisdiction has been dismissed or if the state law claim "substantially predominates over the claim" that creates federal jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). With Bright's Section 1983 claims either dismissed or stayed, exercise of supplemental jurisdiction over Bright's state law claims is unwarranted.

In conclusion, Carolay Vargas's motion to dismiss (Doc. 46) is **GRANTED**. Bright's claims against Carolay Vargas and Paul T. Jeske are **DISMISSED WITH PREJUDICE**. Additionally, the library and Hillsborough County's motion to dismiss (Doc. 26) is **DENIED**. Marquise's motion (Doc. 61) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The clerk's default against Marquise (Doc. 58) is **VACATED**.

The remainder of Bright's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for violating Rule 8, Federal Rules of Civil Procedure, for failure to

- 8 -

state a claim. The remaining motions to dismiss (Docs. 47, 48) are **DENIED AS MOOT**. Bright's "motion for objection" (Doc. 9), motion to direct the Marshal to serve Amanda K. Baranowski and Eric Ward (Doc. 53), and motion to rule on Bright's request for an entry of default (Doc. 56) are **DENIED AS MOOT**.

This action is **STAYED**, and the clerk is directed to **ADMINISTRATIVELY CLOSE** the case. No later than **TWO WEEKS AFTER THE CONCLUSION OF THE STATE PROSECUTION** — that is, after a final judgment in the trial court and after exhaustion of any appeal — Bright must file an amended complaint and re-open the case. The amended complaint must correct the pleading deficiencies identified in this order. Further, in accord with Rule 8, Federal Rules of Civil Procedure, the amended complaint must consist of a "short and plain statement of the claim." Although the amended complaint may include more than one defendant in a single claim, the amended complaint must present each claim in a separate count, must specify against which defendant Bright directs each claim, and must state the facts that support each claim. And, in accord with Rule 10(b), the amended complaint must use numbered paragraphs. The amended complaint must use 2.0 spaces between lines, as in this order, and at least twelve-point font as required by Local Rule 1.05(a). Failure to timely amend might result in dismissal without further notice.

Finally, Bright is warned that litigation in federal court is difficult. Litigation in federal court requires compliance with applicable laws and rules, including the Federal Rules of Civil Procedure and the Local Rules. Bright's complaint and motions suffer from deficiencies, in addition to those mentioned in this order, that confirm that Bright requires legal advice and assistance from a member of The Florida Bar in the formulation, presentation, and advancement of any claim. The court cannot assist a party, even an *in forma pauperis* party, in conducting an action. Bright is strongly advised to consult a member of The Florida Bar.

ORDERED in Tampa, Florida, on January 2, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE